### EGAN v. MIDDLESEX & B. ST. RY. CO.

(District Court, D. Massachusetts.   April 30, 1913.)

No. 231.

1. STREET RAILROADS (§ 117*)—PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

Where the evidence warranted a finding that plaintiff's intestate, while intoxicated, started to cross defendant's street car track, and, when on the track, suddenly fell forward and struck his head rendering him unconscious, and that he lay in that condition for several minutes before a car approached, which struck and injured him, *held*, that whether plaintiff's intestate was guilty of contributory negligence was a question for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

2. STREET RAILROADS (§ 117*)—INJURIES TO TRAVELERS—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to plaintiff's intestate by being struck by an approaching car after he had fallen unconscious on the track several minutes before the car approached, and the evidence warranted a finding that it was possible for the motorman to see him lying on the track for a distance within which the car could easily have been stopped if properly operated, whether defendant was negligent *held* for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

3. EVIDENCE (§ 268*)—PERSONAL INJURIES—MENTAL SUFFERING—FEAR—APPREHENSION.

In an action for injuries to an unskilled laborer who had lost a hand and a foot in a street railway accident, evidence, that while he was in the hospital he stated that if he had not lost his foot he could still have made a living, was properly admitted to show mental suffering, since fear, worry, and apprehension are typical sorts of mental suffering, and it is natural that a person under such circumstances should suffer from anxiety and apprehension over his inability to earn his livelihood in the future.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1061, 1062; Dec. Dig. § 268.*]

4. DAMAGES (§ 48*)—PERSONAL INJURIES—MENTAL PAIN.

Mental pain should be considered by the jury upon the question of damages; it being an independent element, separate and apart from the physical suffering and injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 100–103, 255; Dec. Dig. § 48.*]

At Law.   Action by John J. Egan, as administrator, etc., against the Middlesex & Boston Street Railway Company.   On motion for new trial.   Denied.

John J. O'Hare and Joseph L. Keogh, both of Boston, Mass., for plaintiff.

Pitt F. Drew, of Boston, Mass., for defendant.

MORTON, District Judge.   [1, 2] The evidence warranted a finding that the plaintiff, while under the influence of liquor started to cross the street; that while on the defendant's track he suddenly fell

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

forward and struck his head, rendering him unconscious; that he lay in this condition upon the track for several minutes before the car which injured him came; and that it was possible for the motorman to see him lying on the track from a distance within which the car could easily have been stopped if operated in a careful manner. It cannot be said that the plaintiff was, as a matter of law, careless in attempting to cross the street or in falling as he did. It is not the case of a drunken man voluntarily lying down in a place of danger. The jury were warranted in finding that the plaintiff's position on the track was wholly involuntary on his part and was due to the fall by which he was stunned. It seems to me that the questions of the defendant's negligence and of the plaintiff's due care were for the jury to determine, and that I ought not to disturb their verdict upon these points.

[3] The evidence tended to show that the plaintiff lost both a foot and a hand. While he was in the hospital, he said, in substance, that if he had not lost his foot he could still have made a living. This evidence I admitted subject to the defendant's exception, and the defendant now urges that its admission was erroneous. A ruling having been made and a verdict having been found under it, the court will not ordinarily set aside the verdict unless convinced that the ruling was wrong. That the ruling appears doubtful is not sufficient.

[4] The question raised is a decidedly interesting one. The defendant contends that a plaintiff cannot increase his damages by fear and apprehension as to what the effect of his injuries will be on his ability to work; that the law assumes that the damages recovered will adequately compensate the plaintiff for his injuries; and that they cannot be enhanced by worry. The case presents very sharply the difference between physical and mental suffering. Fear, worry, and apprehension are typical sorts of mental suffering. The law recognizes mental suffering as a distinct element of damages, whenever it is a natural and probable consequence of the wrongful act. McDermott v. Severe, 202 U. S. 600, 26 Sup. Ct. 709, 50 L. Ed. 1162; Post Publishing Co. v. Peck, 199 Fed. 6, 24, 120 C. C. A. 1; Sullivan v. Old Colony St. Ry. Co., 197 Mass. 512, 83 N. E. 1091, 125 Am. St. Rep. 378. That an unskilled laborer who had lost both a hand and a foot should suffer from anxiety and apprehension over his ability to earn his livelihood in the future seems to me entirely natural. I see no reason why his mental pain should not be considered by the jury upon the question of damages. It is an independent element, separate and apart from the physical suffering and injury. In some cases it might not exist, but when it does it is a proper element for compensation.

Motion for new trial overruled.